UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

BRUCE JOHNSON,

    Defendant.

Case No. 04-cr-40013-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Bruce Johnson's Motion for Extension of Time to File Notice of Appeal (Doc. 38) and Motion for Permission to Appeal in Forma Pauperis (Doc. 39). For the following reasons, the Court GRANTS both motions.

### BACKGROUND

Johnson pled guilty to one count of conspiracy to distribute and possess with intent to distribute "crack" cocaine. Johnson waived his right to have an indictment for and to have a jury find beyond a reasonable doubt that the amount of crack involved in the conspiracy was greater than 5 but less than 50 grams. The Court sentenced Johnson on September 16, 2004 to 100 months imprisonment. August 20, 2007, Johnson filed a pro se motion for the Court to reduce his sentence, which the Court dismissed for lack of jurisdiction.

December 19, 2007, Johnson filed a pro se motion to reduce his sentence in light of the retroactive application of the Sentencing Guidelines to crack cocaine offenses. On December 20, 2007, Administrative Order #102, signed by Chief Judge Herndon, was entered in this case, appointing the Federal Public Defenders office to represent Johnson in his motion for sentence reduction.

Assistant Federal Public Defender Judith A. Kuenneke entered her appearance, and on

March 10, 2008 AFPD Kuenneke and Assistant United States Attorney Thomas E. Leggans filed an Agreed Motion to Reduce Sentence asking the Court to reduce Johnson's sentence, pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. 2D1.1 of the revised Sentencing Guidelines, from 100 months to 84 months. Under the new Guidelines, Johnson's sentencing range is 84 to 105 months. However, the mandatory statutory minimum facing Johnson is 60 months. The Court entered an Order on March 18, 2008, reducing Johnson's sentence to 84 months, the low-end on the new applicable Guideline range. Johnson filed a Notice of Appeal on April 3, 2008, appealing the Court's Order. Johnson's contention on appeal is that the Court improperly failed to consider the other factors, apart from the Guideline calculation, required by 18 U.S.C. § 3553(a).

Because Johnson's Notice of Appeal was filed two days past the filing deadline, he asks the Court for an extension to time to file his notice of appeal. Additionally, he asks the Court to grant him leave to proceed on appeal in forma pauperis.

## ANALYSIS

**I.      Motion for Extension of Time**

Federal Rule of Appellate Procedure 4(a)(5)(A) allows a court to briefly extend the time to file a notice of appeal if the party seeking to appeal requests the extension within thirty days after the original time period has expired and if the party shows (1) good cause if the motion is filed before the original time period expires, or (2) excusable neglect if the motion is filed later. *Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 133 (7th Cir. 1996). If both of these requirements are met, the Court may extend the time to appeal for a period not to exceed either thirty days after the prescribed appeals period or ten days after the Court grants the motion for an

extension of time. Fed. R. App. P. 4(a)(5)(C).

Johnson meets the first requirement. Because the sentencing order was entered on March 18, 2008, he had until April 1, 2008, to file a notice of appeal. Rule 4(a)(5)(A)(i) provides thirty more days, up to May 1, 2008, for Johnson to make a motion under that rule. Johnson's motion, filed April 14, 2008, was therefore timely.

Johnson also meets the second requirement under Rule 4(a)(5)(A). Because he filed his motion after his appeal time expired, he must show excusable neglect. Excusable neglect can include omissions through carelessness and mistake. *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997) ("excusable neglect" in Rule 60(b) context) (citing *Matter of Bulic*, 997 F.2d 299, 302 (7th Cir. 1993) (bankruptcy context)); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388-89 (1993) (bankruptcy context). A court should determine whether neglect is excusable by weighing the equities, taking into account all of the relevant circumstances including the danger of prejudice to the opposing party, the length of and reason for the delay, the potential impact on judicial proceedings, and whether the negligent party acted in good faith. *Pioneer*, 507 U.S. at 395; *Matter of Bulic*, 997 F.2d at 302. The court has discretion to determine whether neglect is excusable. *Robb*, 122 F.3d at 361

Here, Johnson received a letter from AFPD Kuenneke informing him that the Court's Order had entered, but the letter did not indicate when the Order had entered. Johnson decided to wait to file his notice of appeal until he received a copy of the Court's Order. Johnson claims that, to date, he still has not seen a copy of the Order reducing his sentence. However, he did receive a Sentence Monitoring Computation printout confirming the reduction of his sentence. At that point, Johnson filed his appeal.

3

The Court finds that Johnson's excuse constitutes excusable neglect. The length of Johnson's delay in filing his notice of appeal was small and his stated reason of wanting verification that the Court's Order had indeed entered is understandable. Additionally, no party will be prejudiced by allowing Johnson's appeal to go forward. Accordingly, the Court GRANTS Johnson's Motion For Extension of Time to File Notice of Appeal.

## II. Motion to Appeal in Forma Pauperis

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). A frivolous appeal cannot be made in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

With his petition for leave to appeal *in forma pauperis*, an applicant must include an affidavit setting forth his inability to pay or give security for the fees and costs he must pay, a claim of entitlement to redress, and the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1). A prisoner must also include a certified copy of his trust fund account statement or institutional equivalent for the 6-month period immediately preceding the filing of the complaint or notice of appeal. 28 U.S.C. § 1915(a)(2).

Johnson has submitted the required affidavit and trust fund account statement, and the Court is satisfied that he is indigent. Furthermore, the issue Johnson intends to present on appeal, that the Court should have reduced his sentence in light of all relevant 18 U.S.C. §

4

3553(a) factors is not frivolous. Accordingly, the Court GRANTS Johnson's Motion for Permission to Appeal in Forma Pauperis (Doc. 39).

## CONCLUSION

For the foregoing reasons, the Court Grants Johnson's Motion for Extension of Time to File Notice of Appeal (Doc. 38) and his Motion for Leave to Appeal in Forma Pauperis (Doc. 39).


**IT IS SO ORDERED.**
**DATED: April 17, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**